Thank you, Your Honor. May it please the Court, Stephen Erb for the defendant and appellate Levon Investments. Your Honor, turning to the argument just before me, the answer to your question, I believe, Judge Ferris, is that Mr. Molski has no intention of going back. And because he has no intention of going back, he is regularly misusing the jurisdiction of the Federal court system. It is no different than if I were to repeatedly sue defendants in the State of California, stating that I'm a citizen of the State of Arizona. Repeatedly invoke diversity jurisdiction, do this 200, 300 times a year, typically get away with it, and, in fact, put the defendant in a position which ties in with my particular case, where as a defendant, I can't get that misuse of Federal jurisdiction addressed until I get to summary judgment, until I get to trial, until I've incurred a substantial amount of attorney's fees on those issues, because the merits of his case are totally intertwined with his right to be in Federal court in the first place. And it's not just a matter of, well, there's one court, there's another court across the street. This goes exactly to congressional intent in enacting this particular title of this statute. When they got to Title III, Congress said the Federal courts are too busy with too many other matters to be spending their time acting as building inspectors, acting with respect to minor personal injury type damage claims, basically enforcing issues that are better left to the State courts. If you have a plaintiff who wants to go back and genuinely makes the case The reason I'm smiling is we don't care how busy we are. We can't care how busy we are. If there's a legitimate claim, we have to hear it. If there's not, then we have to say why it's not legitimate, and we dismiss it. But we can't worry about how busy we are, how crowded the courts are. That's just the people have problems, and they bring them to the court. And that's to be encouraged. But there's two issues here, Your Honor. There's Article III jurisdiction. I mean, there's only an injunctive relief remedy under this statute. That's deliberate on Congress' part and to repetitively come into court and say, I need an injunction because I'm going back, and yet the records suggest you go back 1 percent of the time suggest something wrong is going on. And that's the point of the vexatiousness. Judge Rafiti talked about it. It was true in my case. My point, and I understand, you know, I'm swimming upstream in this circuit on my issue, which is jurisdiction to award attorney's fees after going to trial and establishing that there wasn't jurisdiction. And right now, that area of the law is getting extremely complicated. You have one line of authority coming out of the seventh and tenth circuits. You have another line of authority coming out of the eighth and the ninth. This Court has not yet squarely addressed the jurisdiction to award fees in this setting under the particular fee-shifting provision, which is 42, Section 12205 of the ADA. It's a very broadly drafted provision. It's even broader than the attorney fee provision in the Individuals with Disabilities Education Act, which has been interpreted, and I brought the Court's attention to a decision in the court. You know, all we ever want to be is right. Tell us what's right and why. What's right? Yes. Yes. I think. That's what I think you want to do. Well, yes. I think that because the circuits are going in different directions, because jurisdiction across different circuits shouldn't be different, I think the Court really needs to pull back, look at the opinion coming out of the seventh circuit, the Citizens for Better Environment v. Steel Company, where it analyzes this Article III jurisdiction issue. If the Court — and actually, you go back to the genesis of the line of authority in this circuit, which is the Latch case. In a footnote to the Latch case, footnote 4, a panel of this Court says, you know what, if they had — if the defendants had had to argue over the propriety of jurisdiction, the Court would have had jurisdiction to award that prevailing defendant its attorney's fees. The Court has the jurisdiction to award these fees. The only question is — Counsel. Counsel, I have a question for you. Yes. Because I feel some of the argument on jurisdiction seemed to me like a red herring. That is, as I understand it, when the complaint was filed, there was noncompliance with the ADA. And then the station, at a later time, corrected the problem or, you know, made the parking or the grading compliant. Now it becomes moot. But I think the law in a lot of areas has been that if there was jurisdiction when the complaint was filed, that even if later the case becomes moot, the Court has jurisdiction to award attorney's fees. So it's not a — it's not a lack of jurisdiction problem, as I'm seeing it, unless I'm missing something. It's just a case where the judge denied attorney's fees. Well, I agree that — Why is — was there jurisdiction when the complaint was filed? Well, the basis of the district court's ruling, Your Honor, is that there was not. It was a — it was an Article III standing dismissal. Now, I argue that it was a intertwined with the merits type of dismissal. I agree with Your Honor that if it had been a mootness dismissal, yes, there would be jurisdiction. The conceptual problem we have with this area of the law is, if the Court nine months later says, you know what, after you went through all of that, you didn't have jurisdiction from the get-go because you didn't have Article III standing, then you don't have this jurisdiction. But how would there not have been jurisdiction at the get-go when there was testimony, I thought, that the plaintiff, after filing his complaint, went back out to the station and there was still the same problem he had complained about, you know, about the lack of designated parking or a place to get out of a van? I thought the record showed that. Maybe I'm wrong. The record did show that. I guess I'm just trying to — What would be the basis for saying there was no jurisdiction to start? Well, it was that theme I began with, Your Honor, which is that, you know, at the time the complaint is filed, there's not a genuine intent to go back in the imminent future and suffer an injury. That's how Judge Wilson ruled on it. He didn't reach mootness. He ruled, when he dismissed this case initially, basically on standing grounds. And he used the language of Article III. And I don't want — you know, I — he could have ruled a different way. He could have ruled by saying you failed to prove all of the elements of the cause of action. It's a failure to state a claim. He could have ruled that there wasn't mootness. In both of those scenarios, I would be much better off asking for attorney's fees. That's what's a little illogical about this doctrine of no jurisdiction to award attorney's fees if your dismissal is for lack of subject-matter jurisdiction. Now, he didn't — he didn't really say subject-matter jurisdiction. He said no Article III standing. But it's my understanding those are one and the same. You know, you're going to probably want to rebut. I'll reserve unless there's any questions. Thank you. But why wouldn't Article III — why wouldn't there be no Article III standing if a claim was moot? Mootness is a category of cases where there's no Article III standing. Isn't — isn't this a situation, though, where mootness came about because of remedial action? Yes, Your Honor. Okay. Yes. No. It's just — yes, Your Honor, it's just a matter of when they're making that determination of whether there's a viable claim, either at the commencement of the action versus later developing events. So let me reserve. We'll give you — you know, there's no time to reserve. You used it all, but we'll give you a minute to rebut. Okay. Thank you, Your Honor. The Court helped you use it all, so we'll give you a minute. Counsel? Good morning, Your Honor and Justices. My name is Thomas Vandenvelde. I represent the Plaintiff Appellee. With regard — I'm going to answer Judge Gould's — one of his questions about Article III standing. This case was not moot. There were still issues that were going forward when — when the judge made his dismissal. In fact, the case was refiled in State court and later resolved. But the judge made a finding that there was no intent, when Mr. Molsky filed the complaint, to return to the location, despite the fact that he had done it on two occasions during litigation and three times after the record had been closed. And I would submit that the prior case law in the Ninth Circuit is very clear that where there is no subject matter jurisdiction, there is no jurisdiction to award attorney's fees. But even if these lines of — these lines of four cases, as recently as last year, 2006, Elwood v. Drescher, in this circuit, held the same — the same thing. But even if these cases didn't exist, the — the big hurdle for the defendant appellate is to show that there's an abuse of discretion that — it seems to me that the appellate has to show in some way that the district court judge wanted to impose either attorney's fees or costs against the plaintiff and was felt constrained by this argument about jurisdiction. And, in fact, the record is pretty clear that there was no intent to, on the district court's part, to give a dime to the appellants. And that's shown by the fact that the appellant asked — Levon asked for Rule 11 sanctions, and that was denied. And after — after it had asked for them, after it learned that it had to comply with the safe harbor provisions, the — they urged and implored the district court to urge Sanction Suis Ponte, pursuant to Rule 11, which is a separate grant of jurisdiction and gives the power to, if this is a frivolous lawsuit, the judge could have awarded sanctions there. But the more — more telling fact, and actions speak louder than words in this — in this instance, is the fact that they requested costs under 28 U.S.C. 1919, which gives the — a judge broad discretion to award just costs when a case is dismissed for lack of subject matter jurisdiction to either party. And the judge did not grant that request for costs and didn't give them a dime. And that's — that's pretty clear intent, that the district court looked at the record and said, you're not entitled to attorney's fees, that's my decision. So — and — and part of — part of — I'm kind of bothered by some of the argument that appellant makes in that they're demanding now that this Court send the case back to the judge to explain why he didn't give attorney's fees to the appellant. And that's — to me, that's a — that smacks of arrogance. What they need to do, what the appellant needs to do, is to come to this Court and explain what the judge did wrong, why he was wrong in what he did. And they haven't done that. There's nothing in the record to show what the judge did wrong. And, in fact, they haven't appealed the denial of Rule 11 sanctions. They haven't appealed the denial of Section 1919 costs. So — So your bottom line is what? I know — They can't — Well, affirm, but — I wanted to affirm — For reasons — Is that there's been no — is that even if they're successful on their argument about jurisdiction, that there was jurisdiction, they can't — they haven't shown that this Court abused its discretion in denying fees. If there are any other questions for the panel? Thank you. Thank you very much. We'll give you the minute. Go ahead. Thank you, Your Honor. Very briefly, this is very similar to the first argument you heard today. Unless the district court felt it had no jurisdiction, it does need to state its reasons for denying or awarding costs. That's the law in this circuit. I think that the judge — I put on the table the precedent in this circuit. I was up front with that. I said that if those cases were extended to the ADA, he probably didn't have jurisdiction. I wanted to bring that issue to this Court. But if the Court agrees with me that he does have jurisdiction, then it should be remanded for a statement of his reasons to order or not to order costs. We didn't appeal the Rule 11 finding because in this circuit, there's some very strict safe harbor requirements under Rule 11 in terms of providing 21-day notice and other things like that. And we hadn't done it. We frankly hadn't done that. We did not appeal that aspect. So it's — and as far as the 1919 costs, this is about the attorneys' fees. The costs are de minimis in relation to the effort that we had to go through to document this gentleman's litigation activities and his behavior with respect to this property and this litigation. Thank you, Your Honor. The case just argued is submitted for the Accommodate Club, Inc. v. West Associates. It may not matter to you, but I'll tell you that following this case, the Court's decision on the next two cases can be a way of that.
judges: Farris, Gould, Duffy